UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JOSHUA BATTEN, dba B.J. Industries, an**
Entity doing business in the State of West Virginia

        **Plaintiff,**

v.                        Civil Action No. 2:24-cv-00291

**ANDERSON EQUIPMENT COMPANY,**
A Corporation doing business in the State of West Virginia,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's Motion for Leave to File Amended Complaint (ECF No. 17-1), filed September 3, 2024. The motion is filed within the time allotted in the court's scheduling order but is resisted by the defendant as futile. ECF No. 19.

## I. BACKGROUND

This case arises out of an alleged verbal agreement between plaintiff Joshua Batten ("Batten") and defendant Anderson Equipment Company ("Anderson") under which Batten alleges he purchased a Komatsu dozer, winch, and spare track pads (collectively "equipment") for the purchase price of Forty-Six Thousand Dollars $46,000.00.

The complaint (ECF No. 1-2) alleges that on or about October 24, 2022, Anderson by and through its agent(s) offered to sell equipment to Batten. Compl. ¶ 5.  Batten accepted the offer and thereafter obtained a loan for Twenty-Five Thousand Dollars $25,000 and secured other financing for the rest.  Id. at ¶ 6–8. Batten proceeded to secure timbering jobs that required the use of the dozer.  Id. at ¶ 16.  Batten was later informed that the equipment had been sold instead to Quarrick Equipment & Auction. Id. at ¶ 9.  Batten alleges that Anderson breached the contract by selling the equipment to a third party.  Id. at ¶ 10.  Batten further claims he "detrimentally relied" upon the alleged agreement by entering into additional agreements contingent on the equipment.  Id. at ¶ 16.  Batten alleges that he has "suffered damage to his timbering business" and "damage to his reputation in the timbering industry," both "as a direct result of the wrongful conduct" by Anderson.  Id. at ¶ 18–19.

At the outset of this action, Batten brought a breach of contract claim against Anderson.  On September 3, 2024, after a change in his counsel in this case, Batten filed the motion for leave to file the amended complaint attached to the motion (ECF 17-1).  See ECF No. 17-1 (hereinafter, "Mot. to. File Amend."). Batten wishes to amend his complaint and put at issue the additional claims of fraud and promissory estoppel.  Batten now

alleges that Anderson committed fraud by making material, false and misleading representations. Mot. to. File Amend. at ¶ 32. Additionally, Batten invokes the doctrine of promissory estoppel, alleging it was reasonable and foreseeable that Anderson's promises would induce action on his part. Id. at ¶ 39.

In its opposition, Anderson argues that all three claims by Batten would fail to survive a motion to dismiss under Rule 12(b)(6). See ECF No. 19 (hereinafter, "Def.'s Opp. to Amend"). First, Anderson argues that Batten's proposed amendment fails to allege the existence of a valid, enforceable contract that withstands the West Virginia Uniform Commercial Code ("WVUCC") Statute of Frauds. Id. at 6. Second, Anderson asserts that Batten has not pled an actionable claim for fraud with particularity as fraud cannot be predicated on a promise not performed. Id. at 10. Third, Anderson contends that the equitable doctrine of promissory estoppel is inapplicable and Batten's reliance on the alleged promises by Anderson was unreasonable. Id. at 12.

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A timely amendment should be denied "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v.

3

*Parvizian*, 535 F.3d 298, 298 (4th Cir. 2008)(citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).

The existence of undue prejudice to an opponent "is reason sufficient to deny amendment," and the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)(finding no prejudice where a defendant "was from the outset made fully aware of the events giving rise to the action"). The Fourth Circuit has determined that the nature of the amendment and its timing establishes whether an amendment is prejudicial. *Laber v. Harvey*, 438 F.3d 404, 427(4th Cir. 2006). An amendment that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial" may constitute prejudice. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). By contrast, an amendment is not deemed prejudicial where it "merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427.

An amendment is futile where "the proposed amended complaint fails to state a claim," *Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. Appx. 475, 479 (4th Cir. 2012)(citation omitted), or when it otherwise "fails to satisfy the requirements of the federal

rules." United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Accordingly, leave to amend must be predicated in significant part upon the movant alleging "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If the proposed complaint could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the amendment would be futile. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). However, "conjecture about the merits of the litigation should not enter into the decision [of] whether to allow amendment." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). In evaluating a motion to dismiss under Rule 12(b)(6), the court must "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

As there is no evidence suggesting that Anderson has acted in bad faith, the court will examine the proposed amendment to determine whether it will unfairly prejudice Anderson or whether it is futile.

5

## III. ANALYSIS

1. Prejudice

The "nature" and "timing" of Batten's proposed amendment dispel any inference of prejudice. <u>Laber</u>, 438 F.3d at 427. Batten acted diligently in filing his Motion for Leave to File Amended Complaint and as earlier noted, it is timely. Further, Batten does not "raise[] a new legal theory that would require the gathering and analysis of facts not already considered" by the defendant. <u>Laber</u>, 438 F.3d at 427. Here, Batten merely "seek[s] to add specificity to [his] allegations in a situation where defendants are aware of the circumstances giving rise to the action." <u>Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.</u>, 576 F.3d 172, 195 (4th Cir. 2009)). Specifically, Batten seeks to cure any deficiencies and explore fully other potential causes of action after obtaining new counsel. <u>See</u> ECF 17. Thus, Anderson will not be unduly prejudiced by granting Batten's motion to amend.

2. Futility

### A. Breach of contract

"A claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages." <u>Sneberger v. Morrison</u>, 776 S.E.2d 156, 171 (W.Va.2015). Thus, a plaintiff's breach of contract claim

6

should adequately "allege facts sufficient to support the following elements: the existence of a valid, enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result." Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc., 681 F.Supp.2d 694, 714 (S.D.W.Va. 2009)(citing 23 Williston on Contracts § 63:1 (Richard A. Lord, ed. 4th ed. West 2009)).

Here, assuming the allegations in the light most favorable to Batten, he has sufficiently stated a cause of action regarding his breach of contract claim. Batten alleges that Anderson, through and by its agent, entered into an agreement for the purchase of equipment totaling Forty-Six Thousand Dollars $46,000. Compl. ¶ 6. Batten further alleges that he agreed to pay a down payment of Twenty-Five Thousand Dollars $25,000 for which he secured a loan. Id. at ¶ 6. Batten thereafter secured financing for the remainder of the total purchase price. Batten alleges that Anderson breached its duties under the agreement when it sold the equipment to a third party. Id. at ¶ 10. Batten asserts that he suffered damages to both his timbering business and his reputation from being unable to acquire the equipment.

Id. at ¶ 18.  Batten has adequately set forth the elements necessary for a breach of contract claim.

Notably, Anderson asserts that the Statute of Frauds is applicable to the agreement at issue.  See ECF at 6 (hereinafter "Def's Opp. of Mot. to Amend").  Article 2, Section 201 of the WVUCC requires that the sale of goods for the price of Five Hundred Dollars $500 or more be in writing.  Anderson notes that there is no writing in this case that satisfies the Statute of Frauds.  At this stage the Statute of Frauds does not operate to bar Batten's breach of contract claim.  Batten argues that he is entitled to the opportunity to conduct discovery and obtain documentation that supports his claim.  See ECF 20 at 7 (hereinafter "Reply to Def.'s Opp. of Mot. to Amend").  Inasmuch as Batten has adequately pled the necessary elements required to establish a breach of contract, he has sufficiently stated a cause of action signifying the claim is not necessarily futile.

### B. Fraud

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Id.  To meet this standard, a plaintiff "must, at a minimum, describe the time, place

and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." <u>United States ex rel. Wilson v. Kellog Brown & Root, Inc.</u>, 525 F.3d 370, 379 (4th Cir. 2008)(quoting <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999)(internal quotation marks omitted)).

Batten's fraud claim consists of the following allegations:

> 6. On or about October 24, 2022, Batten met with Bert Smith, a sales agent, employee and/or representative of Anderson about purchasing the dozer.
>
> 25. Anderson by and through Bert Smith made representations to induce Batten to purchase the dozer and take steps to secure both a loan and financing for same.
>
> 27. Batten reasonably relied upon these representations and was justified in so doing.
>
> 32. As a direct and proximate result of Andersons' material, false and misleading representations, Batten has been damaged and is entitled to compensation.

(Compl. ¶¶ 6, 25-27, 32).

Batten's proposed fraud claim meets the specificity required by the Rule 9(b) pleading standard. The proposed amendment specifies the approximate date the alleged misrepresentation was made (on or about October 24, 2022), identifies who made the representation (Bert Smith), conveys the content of the alleged misrepresentation (Anderson would sell the dozer to Batten), notes what was obtained by Anderson (guaranteed a sale), and alleges scienter generally. Mot. to. File Amend. at ¶ 6, 25-27, 32.

Anderson argues that the representations at issue, if made, would be promissory in nature and thus cannot support an action for fraud. Def.'s Opp. to Amend at 10. In response, Batten argues that West Virginia recognizes that fraud claims may be based on "fraudulent promises." <u>Traders Bank v. Dils</u>, 704 S.E.2d 691, 695 (W. Va. 2010). Reply to Def.'s Opp. of Mot. to Amend at 7. Batten states that Anderson's promises "were the very vessels and devices through which he defrauded Plaintiff." Reply to Def.'s Opp. of Mot. to Amend at 7. Viewing the facts in the light most favorable to the plaintiff, the court finds that Batten has stated a cause of action regarding his fraud claim. Batten's claim is sufficiently specific and therefore is not futile.

### C. Promissory estoppel

*The Restatement (Second) of Contracts* § 139 provides that "[a] promise which promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action of forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise." Restatement (Second) Contracts § 139 (1981). The Supreme Court of Appeals of West Virginia has held that "it must appear that the one who made the [misleading] statement intended or reasonably should have expected that the statement would be acted upon by the one claiming the benefit of estoppel, and that he, without fault himself, did act upon it to his prejudice." Syl. Pt. 4, <u>Barnett v. Wolfolk</u>, 149 W. Va. 246, 140 S.E.2d 466 (1965). In assessing whether the application of estoppel is appropriate the West Virginia Supreme Court has noted the following factors: (1) the extent to which the reliance was foreseeable by the promisor; (2) the reasonableness of the reliance; (3) the extent to which the reliance corroborates evidence of the making and terms of the promise (4) the availability and adequacy of other remedies. Syl. Pt. 3, Everett, 321 S.E.2d 685.

Batten alleges that, if upon discovery a writing cannot be produced, justice requires that the promise be enforced and

11

Anderson be estopped from relying on the Statute of Frauds. Reply to Def.'s Opp. of Mot. to Amend at 9. First, Batten adequately alleges that Anderson should have foreseen that its promise to sell the equipment would induce Batten's actions. <u>Id.</u> Second, Batten adequately alleges that it was reasonable for him to rely on the promise made by Anderson. <u>Id.</u> Third, Batten adequately alleges that his actions corroborate the promise made by Anderson to sell the equipment. <u>Id.</u> Fourth, Batten adequately alleges he was damaged because of Anderson's breach and would be left with no available remedy. <u>Id.</u> Batten has sufficiently stated a claim of promissory estoppel and thus the claim is not futile.

## <u>IV. CONCLUSION</u>

The court finds that the proposed amendments are not at this stage futile, grants Batten's motion for leave to file, and directs the Clerk to file the attachment to the motion as the Amended Complaint. The defendant, whose motion to dismiss the original complaint or in the alternative for summary judgment is hereby ORDERED denied without prejudice, may re-file a motion to dismiss respecting the Amended Complaint.

**The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.**

ENTER: October 18, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge